**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1535
_____

TSERING DORJEE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-908-360)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
**October 21, 2013**

Before:  RENDELL, GREENAWAY, JR., and ALDISERT, Circuit Judges

(Opinion filed October 23, 2013)
_____

OPINION
_____

PER CURIAM

        Tsering Dorjee petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Dorjee, who was born in India to Tibetan refugee parents, entered the United States in February 2008 as a visitor for pleasure. In August 2008, Dorjee filed an application for asylum, withholding of removal and relief under the Convention Against Torture. Dorjee was subsequently charged as removable for overstaying his admission period. He conceded removability. After questions were raised at his hearing regarding Dorjee's nationality, the Immigration Judge (IJ) issued an notice of her intent to take administrative notice of the Indian Citizenship Act of 1955 and a Report by the United Nations High Commissioner for Refugees. A.R. at 185-86. The parties were given thirty days to offer rebuttal evidence. The IJ subsequently found that clear and convincing evidence demonstrated that Dorjee was a national of India and ordered him removed to India. The IJ granted withholding of removal as to China and Nepal, where Dorjee had most recently lived, but denied asylum and withholding of removal as to India.

Dorjee filed an appeal which the BIA dismissed. Noting that Dorjee did not rebut the IJ's finding or provide additional documentation as to his nationality, the BIA concluded that the admission of the evidence was fundamentally fair and did not deny Dorjee due process. The BIA found no clear error in the IJ's factual findings with respect to Dorjee's nationality and citizenship. The BIA upheld the IJ's determination that Dorjee had not shown eligibility for asylum from India based on past persecution or a well-founded fear of persecution. Dorjee, who had been represented by counsel, filed a pro se petition for review.

We have jurisdiction under 8 U.S.C. § 1252. In order to be eligible for asylum, Dorjee must prove that he is a refugee. See 8 U.S.C. § 1158(b)(1)(B)(i). A refugee is someone who is unable to return to the country of his nationality because of persecution. See 8 U.S.C. § 1101(a)(42)(A). The IJ determined that India was Dorjee's country of nationality because the Indian Citizenship Act of 1955 provides that those persons born in India between 1950 and 1987 are citizens. Dorjee stated that he was born in India in 1961. The IJ determined that Dorjee's allegations of persecution did not entitle him to asylum from India.

Dorjee argues that he is not eligible for any legal status in India because he was not born in a hospital. However, the language of the Indian Citizenship Act does not require birth in a hospital. A.R. at 195. Dorjee also contends that it is possible that the Indian Citizenship Act has since been amended. However, Dorjee offered no evidence to show that the Act has been amended such that he would no longer be considered a citizen of India.[1] Dorjee has not shown that the record compels a finding that he is not an Indian citizen. He argues that even if he is eligible for Indian citizenship, he never claimed it and is not a citizen of India. However, Dorjee must show that he is unable to return to

---

[1] After his hearing, Dorjee requested and received a thirty-day adjournment to supplement the record on the issue of Dorjee's nationality. The IJ subsequently issued her notice of intent to take administrative notice of evidence and gave the parties thirty days to respond. Dorjee then requested an additional sixty days to respond but did not describe the evidence he intended to provide. The IJ denied the request.

3

the country of his nationality due to persecution and not just that he is unwilling to accept his status in that country.

Dorjee cites to a statement by the Court of Appeals for the Second Circuit that Tibetan refugees and their children are not considered citizens by the Indian government. See Dhoumo v. BIA, 416 F.3d 172, 173 (2d Cir. 2005). The Court, however, does not mention the Indian Citizenship Act, and the sentence Dorjee quotes does not involve the status of those born in India to Tibetan refugee parents. Moreover, we review each case on the facts in the administrative record and not on the facts of other cases. This principle also explains why Dorjee's sister's status as a Tibetan refugee in 1992 does not entitle him to the same status over twenty years later.

Dorjee does not challenge the determination that he was not entitled to asylum or withholding of removal with respect to India. Moreover, the record does not compel a finding that he suffered past persecution or has a well-founded fear of persecution in India. Dorjee alleged that his brother was killed in India after protesting for Tibetans. When Dorjee went to report the murder, the police were not interested in his complaint, asked him for proof of his legal status, and threatened to arrest him. A.R. at 109. Dorjee cannot show that the record compels a finding that those threats rise to the level of past persecution or establish a well-founded fear of persecution. See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) ("Abusive treatment and harassment, while always deplorable, may not rise to the level of persecution."); Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) (persecution denotes extreme conduct, including "threats to life,

4

confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.")

For the above reasons, we will deny the petition for review.